JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STANLEY ALLEN
224 BILLY MITCHELL BLVD.
BROWNSVILLE, TEXAS 78521

**DEFENDANTS** THE CITY OF BROWNSVILLE AND DEPARTMENT OF PUBLIC WORKS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   CAMERON
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   CAMERON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

PRO-SE   (956) 541-8141

ATTORNEYS (IF KNOWN)

B-01-103

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

THE CITY OF BROWNSVILLE HAS ALREADY VIOLATED MY FIRST AMENDMENT RIGHTS, AND NOW AGAIN, WITH THE DEPARTMENT OF PUBLIC WORKS, IT IS ATTEMPTING TO VIOLATE MY FIRST AND FOURTEENTH AMENDMENT RIGHTS.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE

DOCKET NUMBER

DATE   6/14/01

SIGNATURE OF ATTORNEY OF RECORD   Stanley Allen, Petitioner, pro-se

FOR OFFICE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____



United States District Court
Southern District of Texas
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

JUN 1 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| STANLEY ALLEN | * | |
| Petitioner, | * | B-01-103 |
| | * | CIVIL ACTION NO. _____ |
| versus | * | |
| | * | |
| THE CITY OF BROWNSVILLE, | * | |
| TEXAS and DEPARTMENT OF | * | |
| PUBLIC WORKS, | * | |
| Respondents. | * | |
| | * | |

## TABLE OF CONTENTS AND SEQUENCE

Motion For A Temporary Restraining Order      Pages 1 to 7

Order On Petitioner's Motion For a
Temporary Restraining Order      One Page

Petitioner's Affidavit      Two Pages

Supporting Affidavit of Rene Huerta      Four Pages

Exhibit "A"      One Page

Exhibit "B"      Two Pages

Exhibit "C"      Three Pages

CISPDF - www.fasiso.com

United States District Court
Southern District of Texas
FILED

JUN 1 8 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STANLEY ALLEN** | * | |
| Petitioner, | * | **B-01-103** |
| | * | CIVIL ACTION NO. _____ - . |
| **versus** | * | |
| | * | |
| **THE CITY OF BROWNSVILLE,** | * | |
| **TEXAS and DEPARTMENT OF** | * | |
| **PUBLIC WORKS,** | * | |
| Respondents. | * | |
| | * | |

## MOTION FOR A TEMPORARY
## RESTRAINING ORDER

**COMES NOW,** the Petitioner, **STANLEY ALLEN**, proceeding pro-se, and **MOVES** this Honorable Court for a Ex-parte **Temporary Restraining Order** against the Respondents **THE CITY OF BROWNSVILLE** and the **DEPARTMENT OF PUBLIC WORKS** pursuant to violations of Petitioner's First and Fourteenth Amendment rights guaranteed under the U.S. Constitution and pursuant to Federal Rules of Civil Procedure 65 (b).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C.A. Section 1331 and Federal Rules of Civil Procedure 65 (b). The Petitioner and the Respondents are residents of Cameron County in the City of Brownsville, Texas.

## THE PARTIES

1.    Petitioner is a missionary and an Officer, Member, and Elder of **Aposento Alto Outreach Church** (hereafter "Aposento Church") and resides at 224 Billy Mitchell Blvd. in Brownsville, Texas 78521.

2.    Respondent City of Brownsville is a municipality of the State of Texas and may be served with citation through the City Attorney's Office, Mr. J. G. Warburton, at 12th Street and Market Square, Brownsville, Texas 78520.

3.    Respondent Department of Public Works is an agency of Respondent City of Brownsville, which enforces applicable city zoning ordinances and codes and its Director may be served with citation at 700 J. Colunga Jr., Brownsville, Texas 78521.

## UNDERLYING FACTS

4.    Aposento Church operates and manages a parking lot at 1200 block of East Levee in Brownsville, Texas 78520 (Exhibit "A", attached hereto).

5.    Many of Aposento Church's parking clients often park vehicles which have expired license tags and/or expired inspection stickers, which commonly occurs in all parking lots in Brownsville, Texas.

6.    **Christopher Haggstrom**, an Ordinance Enforcement Officer for the Respondent Department of Public Works has threatened to cite Aposento Church's parking lot for violation of Brownsville City Ordinance 16-40 (b) and/or Ordinance No. 87-1165, 1, 9-29-87 (Exhibit "B", attached hereto).

7.  Petitioner sent a letter by hand to City of Brownsville Attorney J.G. Warburton (Exhibit "C", attached hereto), with a copy of the letter to Christopher Haggstrom, both to warn and enlighten the Respondents:

a).  that Aposento Church's Pastor, **Rene Huerta,** went to five parking lots and found that all of them, **two of which were Brownsville City Parking lots,** had an average of four vehicles which met the definition of "junk vehicles" pursuant to Brownsville City Ordinance 16-40 and/or Ordinance No. 87-1165, 1, 9-29-87; and,

b).  that Aposento Church derives more than 80% of its revenue from the parking lot for its survival as a church and to freely exercise its religion; and,

c).  that there are numerous precedent cases (listed in Exhibit "C") that favor churches over governmental regulations, **absent a "compelling interest",** which may substantially interfere:

(i)  with a church's ability to survive, a violation of the "Establishment Clause" of the First Amendment of the U.S. Constitution,

(ii)  with a church's ability to exercise its religious beliefs, a violation of the "Free Exercise Clause" of the First Amendment to the U.S. Constitution.

8.  A week after Exhibit "C" was delivered to City Attorney J.G. Warburton, three employees of the City of Brownsville (two were enforcement officers of the Respondent Department of Public Works) were taking video pictures of Aposento

Church's parking lot  - and when questioned why they were taking pictures, one of them responded "It's for the court."

## **CAUSE OF ACTION**

9. There exists a real and present danger that the Respondents will cite and arrest members of Aposento Church, including this Petitioner, and seize and control all of Aposento Church's parking lot and vehicles with no notice.

10. There exists a real and present danger that the Respondents may take sufficient action to interrupt and halt all revenue streams of money, vital for the survival of Aposento Church and thus interfere with Aposento Church's free exercise of religion, a violation of Petitioner's and Aposento Church's First Amendment rights.

11. Petitioner, who is an Officer, Member and Elder of Aposento Church would also be thus affected to preach, teach, minister, and worship at Aposento Church.

12. A substantial portion of Aposento Church's revenues go to support very needy families in Brownsville, who are also members of Aposento Church's congregation.

13. Respondents have selectively harassed and threatened to prosecute Aposento Church for violations that are also occurring through the Respondents' own public parking lots, which constitutes an abuse of discretion and a violation of Petitioner's and Aposento Church's Fourteenth Amendment rights to equal protection under the law.

Page 4

14.     In *State ex rel. Swann v. Pack,* Tenn. 1975, 527,S.W.2d 99, *certiorari denied* 96 S.Ct. 1429, 424, U.S. 954, 47, L.Ed.2d 360, the Court held that the scales are always weighed in favor of free exercise of religion, **and the state's interest must be compelling, it must be substantial, and the danger must be clear and present and so grave as to endanger paramount public interests before the state can interfere with the free exercise of religion.**

15.     In similar support to *State ex rel. Swann v Pack* are:

a).     *International Soc. For Krishna Consciousness, Inc. v Barber,* C.A.N.Y. 1981, 650, F.2d 430

b).     *U.S. v Boesewetter,* D.C.D.C.1978, 463 F.Supp. 370

c).     *U.S. v Lee,* Pa.1982, 102,S.Ct. 1051,455, U.S. 252, 71 L.Ed.2d 127

16.     In *Baines v. City of Danville, Va.*, C.A.Va.1964, 337, F.2d 579, certiorari denied 85 S.Ct. 1772, 381U.S. 939, 14 L.Ed.2d. 702, the court held that an ex parte application for temporary restraining order may be granted only when it appears that applicant will suffer irreparable injury unless restraining order is granted before notice to adverse party and adversary hearing.

a)      Aposento Church derives between 80%-90% of its revenues from its parking lot, and loss of its income will affect its ability to survive, pay its bills, support its congregation families in need and its missionary outreach, and this Petitioner will be deprived of his ability to worship, minister to the congregation, teach, and preach.

Page 5

17.  In *Federal Deposit Ins. Corp. v. Cafritz*, D.D.C.1991, 762,F.Supp. 1503, the court held that generally, court can issue temporary restraining order only if moving party establishes: that party will suffer irreparable injury if relief is not granted; that there exists substantial likelihood of success on the merits; that issuing temporary restraining order would serve public interest; and that other interested parties will not suffer substantial harm if temporary restraining order is granted.

   a)  Any action by the Respondents against Aposento Church's parking lot could cause irreparable injury if relief is not granted immediately – although Petitioner would prevail eventually, the financial harm would be catastrophic.

   b)  Precedent case history in the United States has favored the free exercise of religion over secular regulations, and current Texas Law (Title 5, Chapter 110.003 (a) Civil Practice & Remedies Code) reflects Federal and State cases that government may not substantially burden a person's free exercise of religion **unless** that burden is in furtherance of a compelling governmental interest:

      (i)    Which the Respondents have not demonstrated by not enforcing its ordinances on its own parking lots!

      (ii)   Which burden the Respondents have not enforced for other private parking lots

      (iii)  Which does not interfere with the health, safety, or well being of its citizens,

Page 6

18.  Respondents have not abided by their own rules and regulations, which makes it clear that no "compelling interest" exists to enforce Brownsville City Ordinance 16-40 and/or Ordinance No. 87-1165, 1, 9-29-87.

19.  Petitioner's remedy is to obtain a Temporary Restraining Order from the Respondents' potential for heavy-handed action, which can cause irreparable harm to Aposento church's ability to survive, to pay its bills, to provide financial support to some of its members members, and to Petitioner's free exercise of religion.

**WHEREFORE,** Petitioner respectfully requests that an ORDER be granted by this Honorable Court to Temporarily Restrain the Respondents from any action against the Petitioner and his church until this matter can be litigated in open court, whereby this Petitioner will seek a permanent injunction against the Respondents pertaining to Brownsville City Ordinance 16-40 and/or Ordinance No. 87-1165, 1, 9-29-87.

Respectfully,

Stanley Allen, Petitioner

Stanley Allen, Petitioner pro-se
224 Billy Mitchell Blvd.
Brownsville, Texas 78521
(956) 541-8141

Page 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STANLEY ALLEN** | * | |
| Petitioner, | * | |
| | * | **CIVIL ACTION NO. _____** |
| **versus** | * | |
| | * | |
| **THE CITY OF BROWNSVILLE,** | * | |
| **TEXAS and DEPARTMENT OF** | * | |
| **PUBLIC WORKS,** | * | |
| Respondents. | * | |
| | * | |

**ORDER ON PETITIONER'S MOTION FOR**
**A TEMPORARY RESTRAINING ORDER**

BE IT REMEMBERED that on this _____ day of _____,2001, came to be heard Petitioner's MOTION FOR A TEMPORARY RESTRAINING ORDER and the Court is of the opinion that said Motion should be granted for twenty days or whatever time within twenty days that respondents require to oppose this ORDER..

IT IS THEREFORE, ORDERED that Respondents THE CITY OF BROWNSVILLE, and the DEPARTMENT OF PUBLIC WORKS, are restrained and enjoined from citing, prosecuting, and fining the Petitioner's church parking lot, at 1200 East Levee Block for City of Brownsville Ordinance 16-40 and/or Ordinance No. 87-1165, 1, 9-29-87.

SIGNED this _____ day of June, 2001 at Brownsville, Texas.

_____
JUDGE PRESIDING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **STANLEY ALLEN** | * | |
| Petitioner, | * | |
| | * | **CIVIL ACTION NO. _____** |
| **versus** | * | |
| | * | |
| **THE CITY OF BROWNSVILLE,** | * | |
| **TEXAS and DEPARTMENT OF** | * | |
| **PUBLIC WORKS,** | * | |
| Respondents. | * | |
| | * | |

## PETITIONER'S AFFIDAVIT

I, Stanley Allen, depose and say the following:

1. I reside at 224 Billy Mitchell Blvd. in Brownsville, Texas 78521 and I am a resident of Brownsville, Texas.

2. I am a Missionary and an Officer, Elder, and Member of Aposento Alto Outreach Church (hereafter "Aposento Church").

3. I am involved in most of the affairs of Aposento Church and I routinely teach, preach, and minister to the congregation of Aposento Church.

4. I receive missionary support from Aposento Church.

5. Any adverse effect to Aposento Church directly impacts my ability to teach, preach, minister, or worship.

6. I have no secular jobs, nor do I receive wages or salaries from any source, instead I rely on donations and contributions given to me by people who know me and the ministry I am involved with, and from Aposento Church's charitable contributions to my missionary work.

7. On May 19, 2001, I directed Pastor Rene Huerta and his son, Manuel Huerta, to visit various parking lots near Aposento Church's parking lot to find parked vehicles with expired inspection stickers and/or expired license tags.

8. I also directed Pastor Rene Huerta to have his picture taken beside such cars with the May 19, 2001 Brownsville Herald Newspaper to authenticate the date the photos were taken.

9. Most of the ministry work I do is with extremely poor people, most of them are Mexicans, in Brownsville and in Matamoros, Mexico.

10. I state that this affidavit and the MOTION FOR A TEMPORARY RESTRAINING ORDER is truthful under the penalty of perjury.

Stanley Allen



NOTARY PUBLIC

MAGDALENA FERNANDEZ
Notary Public, State of Texas
My Commission Expires
APRIL 06, 2003

The undersigned appeared before me this 15 day of June, 2001. My commission expires on 4-5-03 .

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STANLEY ALLEN** | * | |
| Petitioner, | * | |
| | * | **CIVIL ACTION NO. _____** |
| **versus** | * | |
| | * | |
| **THE CITY OF BROWNSVILLE,** | * | |
| **TEXAS and DEPARTMENT OF** | * | |
| **PUBLIC WORKS,** | * | |
| Respondents. | * | |
| | * | |

## SUPPORTING AFFIDAVIT OF
## RENE HUERTA

I, Rene Huerta, depose and say the following:

1.      I reside at 224A Billy Mitchell Blvd., in Brownsville, Texas 78521 and I am a resident of Brownsville, Texas.

2.      I am the Pastor of Aposento Alto Outreach Church (hereafter "Aposento Church"), a 501 (c) (3) non-profit and charitable organization, incorporated in the State of Texas.

3.      The City of Brownsville, specifically the Permitting Office, denied me an Occupancy Permit for a substantial period of time until a parking lot and other construction projects ordered by the City of Brownsville were completed for the property where my church is located.

4.      Stanley Allen, an Officer, Elder and Member of my church, and I, attempted to mediate with the City of Brownsville and to demonstrate that their refusal to grant the church an Occupancy Permit violated Texas Law, however the Permitting

Director ignored the law and refused to grant an Occupancy Permit, which caused a great deal of harassment from local enforcement officers.

5.      It was only when Stanley Allen threatened to file legal action against the City of Brownsville for violating Title 5, Chapter 110.000 of the Texas Civil Practice & Remedies Code that the City Officials decided to grant an Occupancy Permit.

6.      Mr. Haggstrom of the Department of Public Works came onto a parking lot operated by my church, on or about March of 2001 and told me that we could not allow vehicles to park if their inspection stickers and/or license plate tags were expired.

7.      I tried to reason with him that it is not logistically feasible to check every car that comes onto the parking lot, and that the City of Brownsville is welcome to cite the owners of the vehicles, and even tow them away if they are in violation.

8.      Mr. Haggstrom ignored my response and ignored my conversation when I told him that the adjacent parking lot also had vehicles with expired stickers and tags.

9.      Moreover, Mr. Haggstrom did not even bother to go over to the adjacent parking lot to verify that the adjacent parking lot was not in compliance either, he merely ignored me.

10.     In the early part of May 2001, I received a Certified Letter from Mr. Haggstrom threatening to cite me – which would result in fines against me.

11.     When Stanley Allen realized that Aposento Church, and not a person, rents the property and manages the parking lot, he realized he had standing as an Officer of Aposento Church to mediate, or litigate if necessary.

12. Stanley Allen could not reason with Mr. Haggstrom and for this reason he has filed a MOTION FOR A TEMPORARY RESTRAINING ORDER.

13. Aposento Church derives over 80% of its revenues from the parking lot, which is used to help some poor families in my congregation, support missionary outreach work, pay the bills of the church, and establish itself in the Brownsville Community.

14. Volunteers, which are members of Aposento Church, work on the parking lot and are discipled to witness to people in the parking lot, and to keep their eyes out for people in need.

15. Aposento Church cannot afford the services of a lawyer or the costs associated with fines and court costs, and Mr. Haggstrom has threatened to levy fines on myself and thus interfere with my church's major source of revenues.

16. On May 19, 2001, Stanley Allen bought a disposable camera and had my son and I go to nearby parking lots with that day's edition of the Brownsville Herald, to verify the date the photos were taken.

17. I went to five parking lots – two belonged to the City of Brownsville, and all the parking lots had an average of four parked vehicles with expired inspection stickers and/or expired license plates.

18. The church is a non-profit and a charitable institution, which uses its revenues to help the needy and to spread the Gospel of Jesus Christ, and we cannot compete with for profit commercial businesses, which accumulate profits for self-enrichment.

19.  I feel that the City of Brownsville discriminates against the poor, against Mexicans, against religion, and it has been a continual source of harassment to our freedom to exist and to exercise our freedom to worship.

20.  Aposento Church's parking lot only functions as a parking lot – and its proximity to the border attracts many vehicles for parking.

21.  I learned by one parking lot attendant that three people, two which were Enforcement Officers of the Department of Public Works, were engaged in taking video pictures of the parking lot two weeks ago and when questioned what for, one of the them replied "It's for the court."

22.  I fear the City of Brownsville will raid the parking lot, arrest people and seize control, and the loss of revenues for more than one week can cause irreparable harm to Aposento Church.

23.  The City of Brownsville acted in a hypocritical manner by ignoring how its own parking lots do business, it has harrassed me in the past, it has specifically targeted me and my church by trying to regulate and fine my church out of existence.

24.  I state that this affidavit is truthful under the penalty of perjury.


Rev. Rene Huerta


NOTARY PUBLIC

> MAGDALENA FERNANDEZ
> Notary Public, State of Texas
> My Commission Expires
> APRIL 05, 2003

The undersigned appeared before me this ____ day of June, 2001. My commission expires on _____ .

0108494

# TEXAS SALES AND USE TAX RETURN

01-117 (Rev 2-00/24)

a ■ 26140 • Do not fold, staple or paper clip. • Write only in white areas.

**I. OUT OF BUSINESS** DATE
*DO NOT ENTER ADDRESS*
▼ no longer in business. ▼

**\* RETURN MUST BE FILED \***
**\* EVEN IF NO TAX IS DUE \***

c ■ Taxpayer number
1-74-2764142-2

d. Filing period
QTR END 09-30-2000 003

f. Outlet no / location
00001

g. Due date
10-20-00

h. ■
0825000

i.

k. (Make name or address changes below )

12TH & E LEVEE STREET
BROWNSVILLE TX 78520

j. 88

APOSTENTO ALTO OUTREACH CHURCH
DBA COLONIAL PARKING LOT
224A BILLY MITCHELL BLVD
BROWNSVILLE    TX 78521-5003

## TAXPAYER COPY / WORK SHEET
## MAIL ORIGINAL ONLY

*Use this work sheet for figuring your tax due,*
*then enter the figures on the original return.*

|  | DOLLARS | CENTS |
|---|---|---|
| **1. TOTAL SALES** (Whole dollars only) ■ |  | 00 / 100 |
| **2. TAXABLE SALES** (Whole dollars only) ■ |  | 00 / 100 |
| **3. TAXABLE PURCHASES** + (Whole dollars only) ■ |  | 00 / 100 |
| **4. Total amount subject to tax** = (Item 2 plus Item 3) |  | 00 / 100 |
| **5. Tax due -** X STATE X LOCAL  Multiply Item 4 by .082500 |  | • |
| **6. TIMELY DISCOUNT (x .005)** - |  | • |
| **7. Prior payments** - |  | • |
| **8. Net tax due** = (Subtract Items 6 and 7 from Item 5.) |  | • |
| **9. Penalty & interest** + (See instructions.) |  | • |
| **10. TOTAL AMOUNT DUE AND PAYABLE** ■ (Item 8 plus Item 9) |  | • |

## INSTRUCTIONS FOR COMPLETING TEXAS SALES AND USE TAX RETURN - *SHORT FORM*

**WHO MAY FILE THE SHORT FORM -** If you meet ALL of the following criteria, you may file the short form
• your business has a single location (just one outlet) in Texas
• you report applicable local taxes only to the entities (city transit authority, county, or SPD) in which your business is located.
• you do not ship or deliver taxable items outside the transit authority in which your business is located, and
• you do not prepay your state and local taxes

You must file the long form (Form 01-114) if any of these statements do not apply to your business. You must file a long form if you are responsible for out of state use tax and have no in-state business.

**WHEN TO FILE -** Returns must be filed or postmarked on or before the 20th day of the month following the end of each reporting period. If the due date falls on a Saturday, Sunday or legal holiday. the next business day will be the due date

**BUSINESS CHANGES -** Blacken the box to the right of the signature line if you are out of business or if your mailing or outlet address has changed. These changes may also be made via voice mail by calling 1-800-224-1844

**INSTRUCTIONS FOR FILING AMENDED TEXAS SALES AND USE TAX RETURN -** To request blank forms to file an amended return call 1-800-252-5555 toll free, nationwide. The Austin number is 512-463-4600. Forms are also available at the Comptroller Field Office nearest you. *OR* you may photocopy the original return, write "AMENDED RETURN" at the top, strike through Item a, strike through those figures which have changed, and write the new figures on the return. Remember to sign and date the amendment

*SALES TAX QUESTIONS?*
**CALL US!**
**1-800-252-5555**

### DO YOU HAVE $0 TAX DUE?

*TeleFile*
1-888-434-5464, toll free

*WebFile*
www.window.state.tx.us

If you have $0 tax due, you can file your short form tax return easily and efficiently by telephone or internet, 24 hours a day, 7 days a week.

If **hand printing**, please enter all numbers within the boxes, as shown

0 1 2 3 4 5 6 7 8 9

If **typing**, numbers may be typed consecutively.

0123456789

*Instructions continued on back.*

01-117-P5

▼    **PLEASE DETACH AND RETURN ORIGINAL ONLY**    ▼

01-117 (Rev.2-00/24)
# TEXAS SALES AND USE TAX RETURN    GG

a ■ 26140 • Do not fold, staple or paper clip. • Write only in white areas.

**I. OUT OF BUSINESS DATE**
*DO NOT ENTER UNLESS*
▼ no longer in business. ▼

c ■ Taxpayer number
1-74-2764142-2

d. Filing period
QTR END 09-30-2000    003

f ■ Outlet location
00001

g. Due date
10-20-00

h ■
0825000

k (Make name or address changes below )

12TH & E LEVEE STREET
BROWNSVILLE TX 78520

26140174276414223    00340000108250001

APOSTENTO ALTO OUTREACH CHURCH
DBA    COLONIAL PARKING LOT
224A BILLY MITCHELL BLVD
BROWNSVILLE    TX 78521-5003

25

| | | |
|---|---|---|
| **1. TOTAL SALES** (Whole dollars only) ■ | | 00 / 100 |
| **2. TAXABLE SALES** (Whole dollars only) ■ | | 00 / 100 |
| **3. TAXABLE PURCHASES** + (Whole dollars only) ■ | | 00 / 100 |
| **4. Total amount subject to tax** = (Item 2 plus Item 3) | | 00 / 100 |
| **5. Tax due -** X STATE X LOCAL  Multiply Item 4 by .082500 | | |
| **6. TIMELY DISCOUNT (x .005)** - | | |
| **7. Prior payments** - | | |
| **8. Net tax due** = (Subtract Items 6 and 7 from Item 5.) | | |
| **9. Penalty & interest** + (See instructions.) | | |
| **10. TOTAL AMOUNT DUE AND PAYABLE** ■ (Item 8 plus Item 9) | | |

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief.

**sign here** ▷ _____
Taxpayer or duly authorized agent

Date _____    Daytime phone _____
(Area code & no.)

Blacken this box ▶ if out of business or address has changed.





Account Number #: 01-0000-0330-0000-00
Taxpayer Name: Rene Sanchez Huerta
Address: 224 A Billy Mitchell
Legal Description: Original Townsite Block 33 Parking Lot
Property Address: 1200 Block East Saint Charles Street
Date: May 8, 2001
Re: **Storage of Junk Vehicles on Parking Lot**

Dear; Mr. Huerta

This letter is to inform you that an inspection was conducted on said property located at 1200 Block of East Saint Charles Street (Parking Lot). As a result of the inspection, the Public Works Department Ordinance Enforcement Division has determined that your property is in violation of the Brownsville City Ordinance Section 16-40, which reads as follows:

> **Sec. 16-40 Junked Vehicles**
> **(a) Definition. Junk Vehicle means a motor vehicle that is inoperative and that does not have a affixed to it either an unexpired license plate or a valid motor vehicle safety inspection certificate, or that is wrecked, dismantled, partially, dismantled, or discarded and that remains inoperative for a continuous period of more than thirty days (30) days.**
> **(b) Prohibited; exception. It shall be unlawful for any person who shall own or occupy any house, building, establishment, lot, yard, or ground, or any other place in the city, to permit or allow any junk vehicle to remain thereon, except in areas within the city where the storage of junk vehicles is permitted under applicable** city zoning ordinances or codes ( Ord. No. 87-1165, 1,9-29-87)

Therefore, it is imperative that you correct the violation mentioned within ten (10) calendar days from receiving this notice. Failure to do so can result in a citation filed against you in the City of Brownsville Municipal Court. You are encouraged to contact our office at 700 J. Colunga Jr. Street the phone number is (956) 542-7511. Thank you in advance for your cooperation in this matter.

Respectfully,

*Christopher Haggstrom*

Christopher Haggstrom
Ordinance Enforcement Officer



© 1999 Carson Map Company, Inc. (956) 797-1514
This rendering of the county public records is not intended to be relied upon as a
survey, but is deemed reliable. Carson Map Company, Inc. assumes no liability
for errors, omissions or any intended use.

**Stanley Allen**
**75 Stevens Drive, Apt. # 1**
**Brownsville, Texas 78521**

May 23, 2001

Mr. J.G. Warburton
City Attorney's Office
P.O. Box 911/City Hall/ Market Square
Brownsville, Texas 78520                           **BY HAND**

Dear Mr. Warburton,

This is both a letter of enlightenment and a warning, and I do hope that you take the information herein with great consideration.

Your refusal to speak to me may or may not have been a good thing. I was prepared to file an Ex Parte Temporary Restraining Order pursuant to Federal Rules of Civil Procedure 65 (b), and as a courtesy I was seeking to inform you beforehand to determine if this action was truly necessary. Upon your refusal to even take my call, I felt that I might as well forgo the TRO and simply commence a complaint against you and the City's hierarchy for violation of my First Amendment rights going back to February 2000. The statute of limitations had not run out and I was furious that a City official would not give the time of day to one of its residents. Moreover, pursuant to *Malnak v. Yogi,* D.C.N.J.1977, 440 F.Supp. 1284, *affirmed,* 592 F.2d 197, I could pursue an action on the current matter even though I had not yet suffered injury to or impairment of my religious beliefs.

However, I believe the point has been made and my nature is to give a possible adversary every opportunity to reflect on the conflict, and perhaps arrive at an amicable solution.

Since I am an Officer and Member of Aposento Alto Outreach Church, any violations of its Bill of Rights has the same impact on my own Bill of Rights guaranteed under the U.S. Constitution – thus I would have standing to proceed pro-se.

My church operates a parking lot at 1200 East Levee Block, and Mr. Haggstrom threatened action against my church for violation of Brownsville City Ordinance 16-40 (b) and/or Ordinance No. 87-1165, 1, 9-29-87, which prohibits the storage of "junk vehicles", defined as such if the license tags and/or inspection sticker has expired.

Pastor Huerta went to five parking lots on Saturday, May 19, with a camera and Saturday's Brownsville Herald to document the date, and each of the five parking lots, which included two of Brownsville City's parking lots, had an average of four cars with expired license tags and/or inspection stickers.

CVsPDF - www.fasisa.com

Mr. J. G. Warburton – Page 2

Since my church derives more than 80% of its revenues from the parking lot, Federal Rules of Civil Procedure 65 (b) warrants an emergency Ex-parte hearing to restrain the Department of Public Works from citing my church's parking lot, which would both endanger its survival as a church and interfere with its freedom to exercise its religious beliefs.

I believe the problem is that City officials and its enforcement officers are not aware of precedent cases which protect churches from governmental regulations which are not of a "compelling interest".

In *State ex rel. Swann v. Pack,* Tenn.1975, 527 S.W.2d 99, *certiorari denied* 96 S.Ct. 1429,424, U.S. 954, 47 L.Ed.2d 360, the Court held that the scales are always weighed in favor of free exercise of religion, **and the state's interest must be compelling, it must be substantial, and the danger must be clear and present and so grave as to endanger paramount public interests** <u>before</u> **the state can interfere with the free exercise of religion** (bold emphasis mine).

Less vigorously stated, but in support of *State ex rel. Swann v. Pack* are numerous cases, to wit: *International Soc. For Krishna Consciousness, Inc. v. Barber,* C.A.N.Y..1981, 650, F.2d 430; *U.S. v. Boesewetter,* D.C.D.C.1978, 463 F.Supp. 370; *U.S. v. Lee,* Pa.1982, 102, S.Ct. 1051, 455, U.S. 252, 71 L.Ed.2d 127; **and perhaps over twenty more cases.**

In *Forest Hills Early Learning Center, Inc. v. Lukhard,* C.A.Va.1984, 728 F.2d 230, the Court held that if a particular law impedes "religious" activity <u>even indirectly</u>, it violates the First Amendment of the U.S. Constitution.

In *Lynch v. Donnely,* R.I.1984, 104 S.Ct. 1355, 465, U.S. 668, 79 L.Ed.2d 604, *rehearing denied* 104, S.Ct. 2376, 466 U.S. 994, 80, L.Ed.2d 848, the Court held that the Constitution does not require complete separation of church and state; it affirmatively **mandates accommodation, not merely tolerance, of all religions and forbids hostility towards any** (bold emphasis mine).

In my first telephone conversation with Mr. Haggstrom following his threat to cite my church's parking lot, he raised the issue that the zone location of the parking lot is a historical site. I am well aware of *City of Boerne v. Flores* – however my church has no plans to erect or tear down walls or buildings or change the visual appearance of the historical site – so there exists no "compelling interest".

CIMPDF - www.texis.com

Mr. J. G. Warburton – Page 3

If the City of Brownsville, or its agencies, continue to harass, threaten to cite, or otherwise interfere with my church in any manner, I will also be thus affected. I will therefore exercise every remedy under the law in the U.S. District Court, against the entire hierarchy of the City of Brownsville, for violation(s) of my Bill of Rights. As you are aware, City employees have no municipal immunity if they are found to be in violation of U.S. Constitutional Law.

As I stated previously, my nature is to reason and to give any potential adversary the opportunity to resolve conflicts out of court. I personally wish you the very best and I appreciate your kind attention to this letter.

Very truly yours,

Stanley Allen

Cc: Christopher Haggstrom