IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUN 1 9 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| Stanley Allen, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. B-01-016 |
| The City of Brownsville, Texas, and Department of Public Works | § |
| Defendants. | § |

MISC. B-01-103

**ORDER OF DISMISSAL**

BE IT REMEMBERED, that on June 18, 2001 the Court **GRANTED** the Plaintiff's Application to Proceed in Forma Pauperis. The Court **DENIED** the Plaintiff's Motion for a Temporary Restraining Order because he has not shown a substantial threat of immediate and irreparable harm and certified his efforts to provide notice to the Defendants. Since the only relief requested by the Plaintiff is a temporary restraining order, and, the Court has denied that relief, this case is hereby **DISMISSED**.

An *ex parte* temporary restraining order is an extraordinary equitable remedy that is only available if a plaintiff establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any harm the injunction might cause the defendants; and (4) that injunction is in the public interest. See Women's Medical Center of Northwest Houston v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 2001); Sugar Busters LLC v. Brennan, 177 F.3d 258, 165 (5th Cir. 1998). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Lionhart v. Foster, 100 F.Supp. 2d 383, 392 (E.D. La. 1999) (citing Deerfield Medical Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir.1981)). Additionally, to obtain an *ex parte* injunction, a plaintiff must "certif[y] to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." FED. R. CIV. P. 65(b).

1

The Plaintiff's motion for an *ex parte* temporary restraining order is denied because he has not established a credible threat of imminent irreparable injury and he has not complied with the pleading requirements of Federal Rule of Civil Procedure 65(b). The Plaintiff alleges that there is "a real and present danger that the [Defendants] will cite and arrest members of the Aposento Church, including the [Plaintiff], and seize and control all of Aposento Church's parking lot and vehicles with no notice . . . and that [Defendants] may take sufficient action to interrupt and halt all revenue streams of money, vital for the survival of Aposento Church and thus interfere with Aposento Church's free exercise of religion" because of an alleged violation of Brownsville City Ordinance Section 16-40. However, the Plaintiff does not provide specific facts to support these blanket statements. The Plaintiff does not explain how a citation for violating a city ordinance will result in the arrest of persons or the seizure of property instead of requiring an appearance in municipal court, or how an appearance in municipal court could constitute irreparable injury. Additionally, the Plaintiff has not certified in writing his efforts to give notice to the Defendants as required by Federal Rule of Civil Procedure 65(b)(2). See FED. R. CIV. P. 65(b)(2).

DONE at Brownsville, Texas, this 18th day of June 2001.

Hilda G. Tagle
United States District Judge

2